IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BEATRICE KOFA-LLOYD** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| v. | : | NO. 14-00668 |
| | : | |
| **BROOKSIDE HEALTHCARE &** | : | |
| **REHABILITATION CENTER, LLC** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                MARCH 20, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Before the Court is a *motion to dismiss Plaintiff's complaint* filed by Defendant Brookside Healthcare & Rehabilitation Center, LLC ("Brookside") pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) for failure to state a claim upon which relief can be granted. [ECF 4]. Plaintiff Beatrice Kofa-Lloyd ("Kofa-Lloyd") filed a one-count complaint in state court against Brookside averring that she was wrongfully terminated from her employment to prevent her from filing a workers' compensation claim, an action against Pennsylvania's public policy. Brookside timely removed the complaint to federal court. [ECF 1]. The motion is ripe for consideration since Kofa-Lloyd filed a memorandum opposing the motion, followed by a reply. [ECF 7, 9].

For the reasons set forth, Brookside's motion to dismiss is granted.

### BACKGROUND

Briefly, the pertinent facts described in the complaint, taken as true and viewed in the light most favorable to Kofa-Lloyd, are as follows:

On June 11, 2012, Kofa-Lloyd, a licensed practical nurse, was hired by Brookside. Four months later, on October 21, 2012, Kofa-Lloyd suffered a work-related injury to her right knee while pushing a medication cart. She informed her immediate supervisor of her injury and was given Ibuprofen for the pain. Kofa-Lloyd continued to work despite a noticeable limp.

Kofa-Lloyd was not scheduled to work from October 22, 2012, to November 2, 2012. She returned to work on November 3, 2012. A week later, on November 10, 2012, Kofa-Lloyd fell at work, requiring the assistance of two co-workers to stand up.

On November 17, 2012, Kofa-Lloyd began wearing a knee brace and a transcutaneous electrical nerve stimulation (TENS) unit. Kofa-Lloyd contends that Brookside's management, specifically her immediate supervisor, acted with animosity towards her work injury and questioned her ability to work in light of the injury and knee brace.

On November 30, 2012, a co-worker named Roy "verbally assaulted" Kofa-Lloyd and took over her scheduled portion of the work, saying that he was disregarding the work schedule because he preferred her section and "acted abusively" towards her.

On December 3, 2012, Kofa-Lloyd was terminated for "unprofessional conduct towards a co[-]worker." Kofa-Lloyd believes that said co-worker, who initiated the unprofessional incident, was not terminated.

Kofa-Lloyd contends that she was terminated to prevent her from filing a claim for workers' compensation benefits.

**LEGAL STANDARD OF REVIEW**

When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the

2

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In its motion to dismiss, Brookside argues that Kofa-Lloyd cannot maintain a claim for wrongful termination in violation of a public policy. Because Kofa-Lloyd's action is before this Court on diversity of jurisdiction, the Court is "bound to follow the substantive law of the forum state as expressed by its highest court." *Smith v. R.R. Donnelley and Sons Co.*, CIV. A. 10-1417, 2011 U.S. Dist. LEXIS 105347, at *7 (E.D. Pa. Sept. 16, 2011) (quoting *Burns v. United States Parcel Service, Inc.*, 757 F. Supp. 518, 521 (E.D. Pa. 1991)).

Under Pennsylvania law, a "cause of action exists for wrongful discharge of an employee who *files* a claim for workers' compensation benefits." *See Shick v. Shirey*, 716 A. 2d 1231, 1238 (Pa. 1998) (emphasis added). However, the Pennsylvania Supreme Court has not directly addressed the issue of whether a terminated employee may assert a cause of action under Pennsylvania common law or as a workers' compensation retaliation, in situations where the

employee suffers a workplace injury, notifies the direct supervisor, but does not file a claim for workers' compensation, and the employer does not pay workers' compensation benefits related to the injury, the inquiry before this Court. This Court is, thus, tasked with predicting the state Supreme Court's position on this issue. *See Burns*, 757 F. Supp. at 521 (citations omitted). In so doing, "the well-reasoned decisions of intermediate state appellate courts are entitled to greater weight than those of lower state courts." *Murray v. Gencorp, Inc.*, 979 F. Supp. 1045, 1049 (E.D. Pa. 1997) (citing *Burns*, 757 F. Supp. at 521). Notably, the court in *Smith* predicted that the Pennsylvania Supreme Court would find that such a cause of action does exist. *Smith*, 2011 U.S. Dist. LEXIS 105347, at *7-9.

Federal courts in Pennsylvania have analogized a wrongful discharge cause of action to a retaliatory discharge claim under Title VII. *Smith*, at *9; *see also Landmesser v. United Air Lines, Inc.*, 102 F. Supp. 2d 273, 277 (E.D. Pa. 2000). Consistent with this analogy, to state a cause of action for workers' compensation retaliation, Kofa-Lloyd must establish that: (1) she engaged in protected activity; (2) suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) that a causal connection exists between her protected activity and Brookside's adverse action. *See Smith*, 2011 U.S. Dist. LEXIS, at *9; *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 187 (3d Cir. 2003). These factors are balanced with the fact that in Pennsylvania, an at-will employee, such as Kofa-Lloyd, can be terminated for any reason, with or without cause, *Shick*, 716 A. 2d at 1233 (citation omitted); *Brown v. Hammond*, 810 F. Supp. 644, 646 (E.D. Pa. 1993), except where the termination violates a clear mandate of public policy. *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000). The *Shick* court rationalized the public policy, quoting the Indiana Supreme Court, as follows:

4

> … [I]n order for the goals of the [Workmen's Compensation] Act to be realized and for public policy to be effectuated, the employee must be able to exercise his right in an unfettered fashion without being subject to reprisal. If employers are permitted to penalize employees for filing workmen's compensation claims, a most important public policy will be undermined. The fear of being discharged would have a deleterious effect on the exercise of a statutory right.

*Shick*, 716 A.2d at 1237 (quoting *Frampton v. Cent. Indiana Gas Co.*, 297 N.E.2d 425, 427 (Ind. 1973)). While the public policy exception recognized in *Shick* is very narrow in that it only applies in cases where a plaintiff *actually* files a workers' compensation claim, *Smith* extended the protection to employees who notify employers of the employee's *intent* to file a workers' compensation claim. *Id.*, at *14-15. Conversely, in *Alderfer v. NIBCO, Inc.*, CIV. A. 98-6654, 1999 U.S. Dist. LEXIS 16083 (E.D. Pa. Oct. 19, 1999), the court recognized that the plaintiff did *not* engage in protected activity because she "never even mentioned the possibility of a workers' compensation claim to anyone at Nibco." *Id.*, at *18.

As stated, Kofa-Lloyd contends that Brookside terminated her employment to prevent her from filing a workers' compensation claim and that its rationale for terminating her was merely pretextual and against public policy. Notwithstanding these legal conclusions, which this Court can disregard, the complaint is devoid of any factual allegations that Brookside was aware of Kofa-Lloyd's intention to file a workers' compensation claim, or that she did, in fact, file such a claim and was terminated. Therefore, the complaint fails to state a claim upon which relief can be granted.

In opposing the motion to dismiss, Kofa-Lloyd suggests that she be permitted to file an amended complaint to cure the deficiencies noted. The Third Circuit has held that a failure to submit a draft amended complaint is fatal to a request for leave to amend. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006); *Ramsgate Court Townhome Assoc. v. West Chester Borough*, 313 F.3d 157, 161 (3d Cir. 2002); *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir.

5

2000). In *Ramsgate*, plaintiffs, as Kofa-Lloyd has similarly done, concluded their opposition to a motion to dismiss by stating: "However, in the event that the Court concludes that the Complaint fails to state claims upon which relief may be granted, Plaintiffs … respectfully request that they be granted leave to amend the Complaint." The Third Circuit noted that "such a conclusory remark was not a motion to amend and deemed fatal the fact that … plaintiffs did not provide the District Court with a proposed amended complaint." *Ramsgate*, 313 F.3d at 161. "As a consequence, the court had nothing upon which to exercise its discretion." *Id.* (citing *Lake*, 232 F.3d at 374) ("Obviously, without this draft complaint, the District Court cannot evaluate the merits of a plaintiffs' request.")).

Additionally, Kofa-Lloyd misconstrues *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) when arguing that a district court is obligated to give a plaintiff the opportunity to amend her complaint, even if no request for leave to amend the complaint is made. *Phillips* and the other cases cited by Kofa-Lloyd involve civil rights claims, for which a district court is required to give leave to amend. *Id.* at 228 (citing *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000)). In non-civil rights cases, however, the settled rule is that a proper request for leave to amend a complaint requires the submission of a draft of the amended complaint, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007), which Kofa-Lloyd has not done here.

**CONCLUSION**

For the reasons stated, this Court concludes that Kofa-Lloyd has failed to state a claim upon which relief can be granted. Kofa-Lloyd's complaint has not sufficiently pled facts to show that Brookside knew or was aware of her intention to file a workers' compensation claim and,

thus, violated public policy, or that she did in fact file for benefits and was thereafter terminated. Consequently, Brookside's motion to dismiss is granted. An appropriate order consistent with this memorandum opinion follows.

*Nitza I. Quiñones Alejandro*, U.S.D.J.